U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 SEP 23 PM 4:06

CLERK

BY_____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KEREN SITA,<br>    Plaintiff,<br><br>v.<br><br>AIRBNB, INC.,<br>    Defendant. | )<br>)<br>)<br>)  Case No. 2:25-cv-237<br>)<br>)<br>)<br>) |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION

Plaintiff Keren Sita ("Sita") brought this action against Defendant Airbnb, Inc. ("Airbnb") alleging violations of the Fair Housing Act, breach of contract, negligence, intentional infliction of emotional distress, negligent misrepresentation, and unfair or deceptive acts or practices in commerce. An initial screening of the complaint by this Court led to the dismissal of the Fair Housing Act claim, the intentional infliction of emotional distress claim, and the unfair or deceptive acts or practices in commerce claim. (Doc. 5 at 4-6.) The remaining claims are breach of contract, negligence, and negligent misrepresentation. (*Id.* at 7.) Airbnb moves to compel arbitration of all remaining claims and to stay proceedings pending arbitration. (Doc. 9.) Sita did not file a response to Airbnb's Motion. For the reasons below, Airbnb's Motion to Compel Arbitration and to Stay Proceedings pending arbitration is GRANTED.

Sita booked a rental property through Airbnb in Pawlet, Vermont, for a stay beginning on January 15, 2021. (Doc. 6 ¶ 19; Doc. 9 at 2.) Sita alleges the Airbnb host gave Sita a different room than the room she had booked, refused to provide heat, denied Sita access to common spaces that other guests could use, made discriminatory remarks about her race and gender, and retaliated against Sita for reporting the discrimination by trying to force her to leave early. (Doc. 6 ¶¶ 25–

30.) Sita further alleges she reported the host's violations to Airbnb customer service and Airbnb failed to adequately intervene. (*Id.* ¶¶ 31–40.)

In its Motion to Compel Arbitration, Airbnb asserts Sita agreed to Airbnb's Terms of Service, which contain an arbitration clause for disputes arising from use of the Airbnb platform. (Doc. 9 at 4.) To create an account with Airbnb, Sita consented to the Terms of Service by clicking a button indicating agreement to the terms. (Doc. 9-1 ¶ 5.) Additionally, Sita indicated agreement to updated versions of the Terms of Service on multiple occasions to continue use of the Airbnb platform. (*Id.* ¶ 8); (*see also* Docs. 9-3, 9-4.) The Terms of Service in effect at the time of Sita's January 2021 reservation contain an agreement to arbitrate disputes. (Doc. 9-6 ¶ 23.4.)

The Federal Arbitration Act ("the Act") provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. When a court finds the "issue involved in such suit or proceeding is referable to arbitration under such an agreement," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" *Id.* § 3. The Supreme Court has relied on the language of the Act to "conclude that agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). When asked to compel arbitration, a court must "determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Once a court finds that the parties have agreed to arbitration, the court must "determine the scope of that agreement[.]" *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987).

"In the context of motions to compel arbitration brought under the Federal Arbitration Act . . . the court applies a standard similar to that applicable for a motion for summary judgment."

*Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). A trial is not necessary unless "there is an issue of fact as to the making of the agreement for arbitration[.]" *Id.* When a court finds the making of the arbitration agreement is undisputed, the court "shall make an order directing the parties to proceed to arbitration[.]" 9 U.S.C. § 4.

The party moving to compel arbitration does not need to "show initially that the [arbitration] agreement would be *enforceable*, merely that one existed." *Hines v. Overstock.com, Inc.*, 380 F.App'x 22, 24 (2d Cir. 2010) (emphasis in original). Once the moving party makes the prima facie showing that the agreement existed, the burden shifts to the party opposing arbitration to show "the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000)).

An agreement to arbitrate "exists where the notice of the arbitration provision was reasonably conspicuous and manifestation of assent unambiguous as a matter of law." *Meyer v. Uber Tech., Inc.*, 868 F.3d 66, 76 (2d Cir. 2017). The Second Circuit has held that, where a user must click to accept terms of service "simultaneously to" creating an account, even when the terms of service are "available only by hyperlink," the terms can be sufficiently conspicuous as to provide "constructive notice of the terms." *Id.* at 79.

Airbnb has produced sufficient evidence of a valid arbitration agreement between the parties. The initial sign-up page that Sita encountered hyperlinked to the Terms of Service in red and stated, "By signing up, I agree to Airbnb's Terms of Service, Privacy Policy, Guest Refund Policy, and Host Guarantee Terms." (Doc. 9-5.) Sita agreed to the Terms of Service when originally creating an account with Airbnb as well as on six subsequent occasions when Airbnb

made updates to the Terms of Service. (Doc. 9-3; Doc. 9-4.) The Terms of Service in effect at the time of the reservation in January 2021 included this arbitration clause:

> You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content (collectively, "Disputes") will be settled by binding individual arbitration (the "Arbitration Agreement"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue.

(Doc. 9-6 at § 23.4.)

Additionally, the Terms of Service state on the first page, in bold, that "Section 23 of these Terms contains an arbitration agreement and class action waiver that apply to all claims brought against Airbnb in the United States. Please read them carefully." (*Id.* at 2.) Sita received constructive notice of the Terms of Service because the link to the terms was conspicuous, and the terms called attention to the arbitration clause in bold on the first page. The arbitration clause within the terms, of which Sita had constructive notice, notes all claims or disputes arising out of the use of the Airbnb platform, such as these claims, shall be settled through arbitration. (*Id.* at § 23.4.) As such, the parties agreed to an arbitration clause which encompasses any dispute arising out of the use of the Airbnb platform, as this dispute does.

Airbnb established a prima facie showing that there was an arbitration agreement. The burden shifts to Sita to show the agreement was inapplicable or invalid. Sita has provided no argument as to why this provision does not apply. With no argument from Sita that the arbitration agreement is inapplicable or invalid and Airbnb's showing that the arbitration agreement covers all disputes arising out of the use of the Airbnb platform, this Court must enforce the arbitration agreement.

For the foregoing reasons, Airbnb's Motion to Compel Arbitration and to Stay Proceedings pending arbitration is GRANTED.

DATED at Rutland, in the District of Vermont, this 23rd day of September 2025.

Mary Kay Lanthier
United States District Judge
...